UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANNY L. WILBER,

    Plaintiff,

v.                                Case No. 21-C-521

JEFFREY MANLOVE, et al.,

    Defendants.

**DECISION AND ORDER**

    Plaintiff Danny L. Wilber is representing himself in this 42 U.S.C. §1983 case. Discovery closes in about a week, on December 21, 2021, and dispositive motions are due on January 21, 2022. On December 10, 2021, Wilber filed a motion asking the Court to stay this action. Dkt. No. 12. Wilber explains that, on October 29, 2021, the Seventh Circuit affirmed this Court's decision in Case No. 10-C-179 to grant a writ of habeas corpus, and that, on December 3, 2021, the Court lifted the stay in 10-C-179 and terminated the tolling of the 90-day deadline within which the State must either initiate proceedings or release Wilber. Wilber asks the Court, "based upon these new developments and the fluidity of this extraordinary matter," to stay this action for 120 days.

    The Court will deny Wilber's motion for now because Wilber has not presented good cause for delaying resolution of this action. Wilber is now waiting for the State to decide whether to retry him. And there is currently little or nothing for him to do in this action. Discovery closes in a week, and Wilber's motion indicates that he has already received Defendants' responses to his discovery requests. Although the dispositive motion deadline is in about a month, plaintiffs rarely file summary judgment motions because Defendants can nearly always create a genuine dispute

about a material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("summary judgment will not lie if the dispute about a material fact is 'genuine'").

If Defendants file a summary judgment motion, Wilber will have thirty days to prepare his response materials. If he needs more time, he can file a motion asking the Court to extend his deadline. At this point, without knowing how the State will proceed or whether Defendants will move for summary judgment, staying this action is unwarranted. If circumstances change and Wilber believes he needs additional time to comply with whatever deadlines he is facing, he may renew his motion or file a motion to extend the relevant deadline. If he does so, he should be specific about why he believes he needs additional time and how much additional time he believes he needs.

**IT IS THEREFORE ORDERED** that Wilber's motion to stay proceedings (Dkt. No. 12) is **DENIED without prejudice**.

Dated at Green Bay, Wisconsin this 14th day of December, 2021.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge